UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARNELL TATE,<br><br>Defendant. | Case No. 1:21-cr-00101-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the United States' Motion to Modify Conditions of Supervised Release. *See* Dkt. 34. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In February 2022, the Court sentenced Defendant Darnell Tate to four months' incarceration, to be followed by three years of supervised release. The Court imposed various conditions Mr. Tate would be subject to during his term of supervision, including this one:

> You must respond to all questions asked by the probation officer and do so truthfully. Failure to respond, or to respond truthfully, will be a violation of your conditions of supervised release. Because you face a penalty for refusing to answer, if you provide answers that incriminate you in a separate crime (i.e., a crime other than the one you are convicted of in this case), neither your self-incriminating statements,

nor any evidence derived from them, will be used against you in any subsequent prosecution for that separate crime. *See Minnesota v. Murphy*, 465 U.S. 420 (1984).

*Feb. 1, 2022 Judgment,* Dkt. 32, at 4. Shortly after the sentencing hearing, the government filed the pending motion to modify the conditions of supervised release.[1] The government's key argument is that the Court ran afoul of the Sentencing Guidelines and Supreme Court precedent when it imposed the above-quoted condition. *See, e.g., Reply,* Dkt. 38, at 4. Put differently, the government argues that the Court imposed an illegal condition, and it is asking the Court to remedy that asserted illegality after the fact.

## DISCUSSION

The government's motion will be denied. As just noted, the government's core argument is that the Court imposed an illegal condition of supervision. The Court strongly disagrees with that assessment, but the more salient point is that if the government wished to challenge the condition, it should have appealed. This is so because district courts are not permitted to correct conditions of supervision after the fact, based on claims of illegality. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). To be sure, under 18 U.S.C. § 3582(e)(2), district

---

[1] This motion pended for an extraordinarily long time—and the Court offers its sincere apology for that. By way of explanation, the Court wrongly assumed the parties had informally agreed to resolve the issues presented in motion. Having learned this was not the case, the Court will now issue its ruling.

courts may modify conditions of supervision "at any time"—but that is only when the proposed modification is based "upon consideration of certain statutorily enumerated factors, *but not the factor of illegality*." *Id.* at 1044 (emphasis added).

The government seeks to avoid this result by suggesting that the Court should treat the pending motion not as one to "modify" the conditions of supervision but instead as one to "reconsider" a prior ruling. *See Reply,* Dkt. 38. In support of this approach, the government cites *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013), which held that district courts have "inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." The problem with this argument is that the *Gross* decision, cited above, speaks directly to this issue, whereas *Lopez-Cruz* simply noted that a district court could exercise its discretion in determining whether to reconsider an earlier ruling on a pretrial suppression motion. *Lopez-Cruz* does not govern here; *Gross* does. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED that** the Government's Motion to Modify Conditions of Supervised Release (Dkt. 34) is **DENIED.**

DATED: March 3, 2024

B. Lynn Winmill
U.S. District Court Judge